[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16404
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20201-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC JAY HALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 18, 2013)

Before WILSON, PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Cedric Jay Hall appeals his sentence of imprisonment based on his convictions of interfering with commerce by robbery, 18 U.S.C. § 1951(a), and possession of a firearm in furtherance of a crime of violence, id. § 924(c)(1)(A). Hall argues that the district court plainly erred by sentencing him to a mandatory minimum sentence of seven years based on a finding by the court, not the jury, that Hall brandished a firearm during a robbery, id. § 924(c)(1)(A)(ii).  We conclude, based on the recent decision of the Supreme Court in Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151 (2013), that the district court plainly erred in sentencing Hall, but the error did not affect his substantial rights.  We affirm.

The record establishes, without dispute, that Hall brandished a firearm during a robbery.  At trial, three employees present during the robbery of a Radio Shack in Miami, Florida, identified Hall as the robber and testified that he displayed a firearm and racked it in their presence before instructing them to open the cash register and go to the back of the store.  During the trial, the jury also watched a surveillance video, admitted without objection, that depicted a robber, identified by an employee as Hall, pulling out a firearm and racking it in the store. The probation officer alleged in his presentence investigation report that, during the robbery, Hall removed a black semi-automatic pistol, racked the slide back and told one of the employees to open the cash register.  The report recommended a sentencing guideline range for Hall's firearm offense of seven years of

2

imprisonment, which is the statutory minimum for brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii).  Hall offered no factual or legal objections to the presentence investigation report.  The district court adopted the factual findings and guideline calculations in the report.

Hall argues that, in the light of the recent decision in Alleyne, the district court erred by not submitting the question whether he brandished the firearm to the jury.  When a defendant fails to object to allegations of fact in a presentence investigation report, the defendant admits those facts for purposes of sentencing, and "[a] sentencing court's findings of fact may be based on undisputed statements in the [report]."  United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006).  And when a defendant fails to object to a finding by the district court at sentencing, we review for plain error.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  To establish plain error, a defendant must show (1) an error (2) that is plain and (3) that affects his substantial rights.  Id.  If all three conditions are met, we may exercise our discretion to notice a forfeited error, but only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.  In Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362–63 (2000), the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable

3

doubt." The Court later clarified that facts guiding judicial discretion below a statutory maximum sentence need not be submitted to a jury. Harris v. United States, 536 U.S. 545, 565, 122 S. Ct. 2406, 2418 (2002). But in Alleyne, the Court overruled its decision in Harris and held that "facts that increase mandatory minimum sentences must be submitted to the jury." 570 U.S. at ___, 133 S. Ct. at 2163 (concluding that a jury must find, beyond a reasonable doubt, that the defendant brandished a firearm during a crime of violence). Notably, in Alleyne, the defendant objected to the recommendation in the presentence investigation report of a mandatory minimum sentence of seven years and argued that the jury had not found that he had brandished a firearm.

Based on the decision in Alleyne, the district court committed plain error by not submitting to the jury the question whether Hall brandished a firearm during the robbery, but the error does not require reversal because Hall's substantial rights were unaffected. Rodriguez, 398 F.3d at 1298. Three witnesses at trial identified Hall as the robber, and they testified that he displayed a firearm and racked it in their presence. The jury also viewed a surveillance video from the night of the robbery, which depicted Hall pulling out a firearm and racking it in the store. And Hall made no factual or legal objections to the presentence investigation report, which stated that he removed a black semi-automatic pistol and racked the slide back in the store and recommended a sentence of seven years of imprisonment as

4

the statutory mandatory minimum, 18 U.S.C. § 924(c)(1)(A)(ii).  In contrast with the defendant in <u>Alleyne</u>, Hall conceded at sentencing that he had brandished a firearm during the robbery.  We affirm his sentence.

**AFFIRMED.**